Voto particular disidente emitido por la
Juez Asociada Se-ñora Rodríguez Rodríguez,
al que se une el Juez Presi-dente Señor Hernández Denton.
Disiento del curso seguido por una mayoría de este Tribunal de proveerle “no ha lugar” a la solicitud presentada por la American Civil Liberties Union (ACLU) para com-parecer como amigo de la corte en la controversia ante nuestra consideración. En este caso, en el contexto de una demanda presentada por una organización religiosa ante la Corte de Distrito de Estados Unidos para el Distrito de Puerto Rico para que, en virtud del derecho a la libertad de expresión y de religión, se le permita el acceso a las urba-nizaciones con control de acceso en Puerto Rico, una mayo-ría de este Tribunal decidió acoger la pregunta certificada por el foro primario federal para determinar si en Puerto Rico pueden existir calles privadas. Esto a raíz de la ale-gación del Municipio de Dorado y la urbanización Brighton Country Club quienes sostienen que, debido a que las ca-lles de esta urbanización son privadas, los demandantes federales no tienen derecho a acceder a esta urbanización. El foro federal ha ordenado a los municipios demandados a garantizar la entrada de los miembros de la organización religiosa a las urbanizaciones con control de acceso.
*1029 Una vez accedimos a la petición de certificación, el 14 de noviembre de 2013 señalamos una vista argumentativa a celebrarse el 11 de febrero de 2014. A su vez, en esa misma fecha, atendimos una solicitud de comparecencia como amigos de la corte presentada conjuntamente por DBR Do-rado Owner LLC, Coco Beach Maintenance, Inc. y Serallés Hotel, Inc. En la solicitud, éstas sostuvieron que son “due-ñas de complejos turísticos-residenciales que contienen ho-teles, campos de golf, condo-hoteles, residenciales y dife-rentes establecimientos y productos turísticos” y que la determinación de este Foro podría “afectar considerable-mente el valor de estas propiedades” y el “interés de terce-ros en invertir en este tipo de proyectos”. Moción solici-tando autorización para comparecer como amicus curiae de 3 de octubre de 2013, págs. 5-6. Por lo tanto, alegaron que favorecen la determinación de que en Puerto Rico existan calles privadas, pues de lo contrario se expondrían a daños y se propiciaría el derrumbe de la industria turística en Puerto Rico. Una mayoría de este Tribunal decidió aceptar la comparecencia de estas entidades como amigos de la corte y a esos efectos se les concedió un término para pre-sentar sus alegatos y un término simultáneo de 10 minutos para exponer su posición en la vista argumentativa. Poste-riormente, el 22 de noviembre de 2013 una mayoría de este Tribunal decidió invitar al Departamento de Justicia para que compareciera como amigo de la corte en esta controversia. Igualmente, se le concedió un término para que expresara su posición.
Hoy, sin embargo, una mayoría deniega la solicitud de comparecencia como amicus curiae presentada por la ACLU. Esta organización solicitó comparecer en esta con-troversia por entender que “incide directamente con el de-recho de las personas a ejercer la libre expresión y libertad religiosa”; específicamente, con el derecho de los miembros de las organizaciones religiosas de “tener acceso a los es-pacios públicos, según designados y definidos por la ley y la jurisprudencia, con el fin de difundir su fe y sus ideas”. *1030 Moción de la ACLU solicitando autorización y tiempo para comparecer como amicus curiae de 9 de diciembre de 2013, pág. 1. Así, considerándose una organización que busca defender y proteger los derechos y libertades civiles, con una larga trayectoria en Puerto Rico y en Estados Unidos, so-licitaron que se les permitiera su comparecencia en este caso.
Dentro de este contexto, y ante la liberalidad asumida por este Tribunal en la admisión e invitación de amigos de la corte en esta controversia, resulta forzoso concluir que debemos acceder a la solicitud de comparecencia de la ACLU. Independientemente de la corrección de la determi-nación inicial de aceptar la comparecencia de los desarro-lladores DBR Dorado Owner LLC, Coco Beach Maintenance, Inc. y Serrallés Hotel Inc. como amigos de la corte —que, según nos adelantan, es para argüir en contra de los intereses de los demandantes federales — , nos parece que como mínimo, este Tribunal debe ejercer la misma libera-lidad que ejerció al aceptar con beneplácito a los primeros y acceder a la petición de la ACLU. El efecto de nuestra denegatoria permite inferir la apariencia de parcialidad hacia uno de los intereses en la controversia. Si ya le con-cedimos la oportunidad de ser oídos a los desarrolladores, deberíamos dar la misma oportunidad a quienes defienden los derechos civiles de los ciudadanos.
Finalmente, se señala que la petición presentada es tar-día ya que este Tribunal ha calendarizado la vista argu-mentativa y el tiempo que las partes han de tener para presentar sus argumentos. No obstante, la vista argumen-tativa para este caso está pautada para el 11 de febrero de 2013. Es decir, contamos con al menos dos meses para rea-lizar los ajustes necesarios que, francamente, no aparen-tan ser muy complicados. Acceder a la solicitud presentada no dilataría la tramitación de este caso.
Por todo lo cual, accedería a la petición presentada por la ACLU, le concedería un término de 15 días para presen- *1031 tar su alegato y ampliaría el término concedido a los amigos de la corte de 10 a 15 minutos para exponer su posición en la vista argumentativa.